IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| VISION REAL ESTATE INVESTMENT CORP, et al., | ) ) ) |
| Plaintiffs, | ) No. 3:18-cv-00014 ) ) Judge Campbell |
| v. | ) Magistrate Judge Newbern ) |
| METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, et al. | ) JURY DEMAND ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OF LAW IN SUPPORT OF THE METROPOLITAN GOVERNMENT'S MOTION TO STAY PROCEEDINGS AND ADMINISTRATIVELY CLOSE CASE

The Metropolitan Government ("Metro") moves to stay and administratively close this case and states to the Court as follows:

### FACTUAL BACKGROUND

This case arises out of a series of business transactions between Metro and Plaintiff Michael Hampton ("Hampton") and his business entities, Vision Real Estate ("Vision") and Autumn Assisted Living ("Autumn")(collectively, "Plaintiffs"). This Court set forth a very thorough description of the facts of this case in its September 30, 2019 Memorandum Opinion, which Metro hereby incorporates by reference herein. (Doc. No. 94 at 1-10).

After the business transactions at issue fell apart, Plaintiffs sued Metro, the Metropolitan Development and Housing Agency ("MDHA"), and Metro Councilmen Jim Shulman and Dominick Leonardo under a number of federal and state law theories. Metro filed an Answer on October 10, 2018 (Doc. No. 66) and a Motion for Judgment on the Pleadings on October 25, 2019 (Doc. No. 99). Included in Metro's Answer were the affirmative defenses of estoppel and

unclean hands, among other defenses. Metro also presented the defense that it was Plaintiffs, not Metro, who breached the contracts at issue.

On December 14, 2018, a Davidson County grand jury indicted Plaintiff Michael Hampton on 46 separate criminal counts. *See* Exhibit A hereto.[1] Counts 1 and 2 were for theft of property. Count 1 deals with theft from the trust accounts of residents of Autumn Assisted Living Facility. Count 2 deals with the theft of between $10,000-$60,000 from Metro, and Counts 3-46 are for willful abuse, neglect, or exploitation of adult residents of Autumn Assisted Living Facility. Metro respectfully submits that resolution of any of these criminal charges against Plaintiff Hampton would resolve any claims that he might have that Metro is liable for a violation of due process rights, breach of contract, or any other claim in this case related to the collapse of the contracts at issue between Metro and Plaintiffs. Accordingly, Metro asks that this matter be stayed and administratively closed until the criminal charges against Plaintiff Michael Hampton have been resolved.

## LEGAL ANALYSIS

A district court has broad discretion in determining whether to stay a civil action while a criminal action involving the same set of facts is pending or impending. *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007) (citing *Landis v. N. Am. Co.,* 299 U.S. 248, 254-55 (1936); *Keating v. Office of Thrift Supervision,* 45 F.3d 322, 324 (9th Cir. 1995) (citing *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989)). This Court must weigh several factors to determine whether it is appropriate to grant a stay. These considerations include (1) the extent to which criminal and civil issues overlap; (2) the posture of the criminal proceedings; (3) the interest of the plaintiff in proceeding expeditiously and weighed against the

---

[1] The Court may take judicial notice of an indictment. *See United States v. Alexis*, 603 F. App'x 466, 468 n.2 (6th Cir. 2015) (citing FED. R. EVID. 201).

potential prejudice cause by the delay; (4) the burden imposed on the defendants; (5) the interest of the courts; and (6) the interest of the public. *Trustees of the Plumbers & Pipefitters Nat'l Pension Fund,* 886 F.Supp. at 1139; *see also Chagolla v. City of Chicago,* 529 F.Supp.2d 941, 945 (N.D.Ill.2008) (footnotes and citations omitted). All of the aforementioned factors counsel in favor of staying this case.

The analysis for granting a stay begins by examining the extent to which the criminal and civil cases overlap. The more the cases connect, the more likely a stay will be granted. *Sec. & Exch. Comm. 'n v. Dresser Indus., Inc.,* 628 F.2d 1368, 1376 (D.C.Cir. 1980); *see also Newell v. Cty. of Wayne,* No. 12-CV-14928, 2013 WL 4613613, at *3–4 (E.D. Mich. Aug. 29, 2013). In this case, Plaintiffs' claims against Metro are based entirely on the notion that they were unlawfully discriminated against and that their property interests and contractual rights were infringed upon solely because of Metro's wrongdoing and through no fault of the Plaintiffs. The indictments, however, provide support to Metro's defenses related to its well-justified reasons for terminating the contracts at issue in the manner that it did. Thus, the large degree of overlap between the criminal and civil proceedings weighs in favor of a stay.

Second, as to the posture of the criminal proceedings, "[T]he strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *SEC v. Dresser Indus., Inc.,* 628 F.2d 1368, 1475 (D.C.Cir.) (en banc), *cert. denied,* 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 289 (1980). That factor is clearly satisfied here.

Third, there is no prejudice to Plaintiff Hampton delaying any civil trial, as it will allow him to focus on the pending criminal proceedings without fear that discovery in the civil case will infringe upon his Fifth Amendment rights or somehow prejudice his rights as a criminal

defendant. Further, and potential concerns that Plaintiff Hampton might have about preserving witness testimony and the like would be alleviated by the fact that the criminal and civil matters do so closely overlap, and thus will presumably involve many of the same issues, witnesses, and evidence. Therefore, witness testimony and documents will be preserved in the criminal proceedings and will not somehow be compromised by any delay in the civil case.

Fourth, allowing this case to proceed to the discovery stage will burden the Defendants unnecessarily, as Metro (and MDHA as well) will be required to spend extensive time and resources in this case defending myriad claims that may very well be mooted by the resulting of Plaintiff's criminal charges. Additionally, Metro will seek a great deal of discovery from Plaintiff Hampton himself that will inevitably touch on the issues in the criminal trial. This, of course, would make Plaintiff Hampton choose between forfeiting his Fifth Amendment rights and frustrating the discovery process. *See Chao*, 498 F. Supp. 2d at 1040 (discussing the Court's burden of having to deal with defendants' "likely repeated assertions of their fifth amendment rights."). Defendant Hampton also would be subjected to discovery in this case that exceeds the limits of Tenn. R. Crim. P. 16(a) applicable to the criminal case, which could be the source of various discovery disputes both in this Court and in Criminal Court. Staying proceedings alleviates these burdens and prevents the discovery in the civil case from being conducted piecemeal or in stops and starts that would be ineffective for both Metro and Plaintiffs.

Fifth, the interests of the Court counsel in favor of a stay of proceedings. By staying the case, the Court can conserve its scarce resources and avoid potential repetitive discovery disputes that will no longer be at issue after the criminal trial. For example, certainly if Plaintiff Hampton is convicted of stealing money from Metro in October 2016, Metro's termination of its Second Contract with Plaintiffs in January 2017 cannot be deemed to have been wrongful in any manner

on Metro's part. Likewise, a conviction on any of the 46 Counts could establish that Plaintiffs are estopped from arguing that they complied with the conditions precedent of the contracts at issue. Thus, it would not be in the interests of judicial economy to engage in months of discovery in this incredibly document-intensive case if indeed resolution of the criminal case decides most, if not all, of Plaintiffs' claims against Metro.

Sixth, the public interest favors conserving judicial resources while allowing an orderly and unfettered administration of justice within the criminal justice system. And perhaps even more importantly, the public interest is served by preventing a Plaintiff under indictment for abusing and stealing from some of society's most vulnerable citizens from simultaneously pursuing monetary damages for himself for the time period that he is alleged to have been committed such acts. Because all six factors favor staying this case, Metro respectfully asks this Court to stay and administratively close this action.

Respectfully submitted,

DEPARTMENT OF LAW OF THE
METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY
ROBERT E. COOPER,, JR., #6690
DIRECTOR OF LAW

/s/ Keli J. Oliver
Keli J. Oliver (#21023)
Melissa Roberge (#26230)
Assistant Metropolitan Attorneys
Metropolitan Courthouse, Suite 108
P.O. Box 196300
Nashville, Tennessee 37219
(615) 862-6341
*Counsel for the Metropolitan Government*

## Certificate of Service

  This is to certify that a copy of the foregoing has been forwarded via the court's ECF/CM system to:

| | |
|---|---|
| George R. Fusner, Jr.<br>Law Office of George R. Fusner<br>Partin Ray Building<br>7104 Peach Court<br>Brentwood, TN 37027 | Fred C. Statum III<br>J. Caralisa Connell<br>Manier & Herod, PC<br>1201 Demonbreun Street<br>Suite 900<br>Nashville, TN 37203 |
| William T. Ramsey, Esq.<br>Kendra E. Samson, Esq.<br>Neal & Harwell, PLC<br>1201 Demonbreun Street<br>Suite 1000<br>Nashville, TN 37203 | |

on this the 15th day of November 2019.

              /s/Keli J. Oliver
              Keli J. Oliver