UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| VISION REAL ESTATE INVESTMENT CORP., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>METROPOLITAN GOVERNMENT OF NASHVILLE & DAVIDSON COUNTY, et al.,<br><br>Defendants. | Case No. 3:18-cv-00014<br><br>Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern |

## **MEMORANDUM ORDER**

Before the Court is Plaintiffs Vision Real Estate Investment Corp., Autumn Assisted Living Partners, Inc., and Michael Hampton's motion to strike Defendant Metropolitan Development and Housing Agency's (MDHA) affirmative defenses. (Doc. No. 106.) MDHA has responded in opposition. (Doc. No. 111.) For the reasons that follow, the plaintiffs' motion to strike will be granted in part and denied in part.

**I.  Background**

The Court has discussed the circumstances of this case at length in a prior order. (Doc. No. 94.) Briefly stated, Plaintiffs entered into a series of contracts with Defendant Metropolitan Government of Nashville and Davidson County (Metro) concerning the development of a parcel of land in north Nashville known as the Bordeaux Hospital Property. (Doc. No. 45.)

> These agreements included an agreement between Autumn Assisted Living ("Autumn") and Metro whereby Autumn agreed to lease and operate an assisted living facility located on the Bordeaux Hospital Property. Autumn Assisted Living entered into a separate agreement with Metro to lease and eventually purchase the assisted living facility. In January 2017, the Metro Council passed a bill rescinding the Lease Purchase Agreement on grounds that Autumn was not properly operating

> the facility and had allowed insurance to lapse. While the bill was still pending before the Council, Metro sent Vision a letter terminating the Lease Purchase Agreement citing Autumn's failure to complete the purchase of the facility by the required date and noting that "a number of additional concerns about [the facility's] current operating conditions have come to light, including maintenance of required insurance coverages and regulatory deficiencies identified by the State of Tennessee." (Doc. No. 45-4).

(Doc. No. 124, PageID# 1112 (alteration in original).)

Plaintiffs' second amended complaint, which is the operative pleading in this action, alleges violations of their procedural and substantive due process rights and their right to equal protection under the United States Constitution and state-law claims for breach of contract, inducement to breach contract, intentional interference with a business relationship, civil conspiracy, equitable estoppel, and fraudulent inducement. (Doc. No. 45.) The Court previously granted in part and denied in part MDHA's motion to dismiss the second amended complaint, dismissing Plaintiffs' due process and equal protection claims against MDHA but continuing to exercise jurisdiction over their state-law claims against MDHA while federal claims remain pending against Metro. (Doc. Nos. 94, 95.)

MDHA answered the second amended complaint, asserting the following six affirmative defenses:

> 1. Plaintiffs' Second Amended Complaint fails to state a claim against MDHA upon which relief can be granted.
>
> 2. MDHA hereby incorporates by referenced [*sic*] the affirmative defenses set forth in Federal Rules of Civil Procedure 8 and 12, as applicable.
>
> 3. MDHA asserts the doctrine of comparative fault as adopted and recognized in the State of Tennessee.
>
> 4. MDHA asserts that the Plaintiffs' claims are barred, in full or in part, by the application of the doctrine of waiver, estoppel, laches, and/or unclean hands.
>
> 5. MDHA asserts that the Plaintiffs' claims are barred, in full or in part, by the application of any relevant statute of limitation or limitations period.

6. MDHA expressly reserves the right to assert additional affirmative defenses as may be proper after a more complete investigation of the allegations contained in the Second Amended Complaint.

(Doc. No. 98, PageID# 919, ¶¶ 1–6.)

Plaintiffs have moved to strike all six of these affirmative defenses under Federal Rule of Civil Procedure 12(f) (Doc. No. 106), arguing that they "are merely conclusory legal allegations that are insufficient affirmative defenses under [Rule] 8 and the relevant case law" (Doc. No. 106-1, PageID# 962). MDHA opposes Plaintiffs' motion to strike, arguing that its defenses provide the plaintiffs with fair notice of the nature of its defenses. (Doc. No. 111.) Plaintiffs have not filed a reply.

## II. Legal Standard

Federal Rule of Civil Procedure 12(f) provides that the Court may, upon a party's motion or sua sponte, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of the motion is to 'avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with' them early in the case." *Operating Eng'rs Local 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (quoting *Kennedy v. City of Cleveland*, 797 F.2d 297, 305 (6th Cir. 1986)). "Motions to strike are viewed with disfavor and are not frequently granted." *Id.*; *see also Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d 819, 822 (6th Cir. 1953) ("[T]he action of striking a pleading should be sparingly used by the courts . . . [and] is a drastic remedy to be resorted to only when required for the purposes of justice.").

The reluctance to strike pleadings stems from "the practical difficulty of deciding cases without a factual record . . ." *Brown & Williamson Tobacco Corp.*, 201 F.2d at 822, and the potentially "dilatory and often harassing character" of a motion to strike, 5C Arthur R. Miller et al., *Federal Practice and Procedure* § 1381 (3d ed. updated Aug. 2019). Nevertheless, motions to

3

strike affirmative defenses "are properly granted when 'plaintiffs would succeed despite any state of the facts which could be proved in support of the defense.'" *Hemlock Semiconductor Operations, LLC v. SolarWorld Indus. Sachsen GmbH*, 867 F.3d 692, 697 (6th Cir. 2017) (quoting *Operating Eng'rs Local 324 Health Care Plan*, 783 F.3d at 1050). District courts have ample discretion to strike filings under Rule 12(f), and their decisions are reviewed only for abuse of that discretion. *Id.*; *see also Van Loo v. Cajun Operating Co.*, 64 F. Supp. 3d 1007, 1012 (E.D. Mich. 2014) ("A court has 'liberal discretion to strike such filings' as it deems appropriate under Rule 12(f)." (citation omitted)).

**III.    Analysis**

Plaintiffs rely on two cases from the United States District Court for the Northern District of Ohio for the proposition that, in order to survive a Rule 12(f) motion to strike, affirmative defenses must satisfy the pleading standards articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).[1] (Doc. No. 106-1.) However, as this Court has previously explained, "[t]he Sixth Circuit has not decided the applicability of *Twombly* and *Iqbal* to affirmative defenses[,]" and "the prevailing view among district courts within the Sixth Circuit is that the defendant does not need to plead an affirmative defense with the particularity required by *Twombly* and *Iqbal*." *Thomas v. Imperial Cleaning Sys., Inc.*, No. 3:18-cv-00772, 2019 WL 3210101, at *5 (M.D. Tenn. June 20, 2019), *report and recommendation adopted by* 2019 WL 3202999 (July 16, 2019); *see also McLemore v. Regions Bank*, Nos. 3:08-cv-0021 & 3:08-cv-1003, 2010 WL 1010092, at *13–14 (M.D. Tenn. Mar. 18,

---

[1]    *See Microsoft Corp. v. Lutian*, No. 1:10 CV 1373, 2011 WL 4496531, at *2 (N.D. Ohio Sept. 27, 2011) (finding "that the heightened pleading standards required by *Twombly* and *Iqbal* apply to affirmative defenses"); *HCRI TRS Acquirer, LLC v. Iwer*, 708 F. Supp. 2d 687, 690–92 (N.D. Ohio 2010) (applying *Twombly* and *Iqbal* standards to affirmative defenses).

4

2010) (declining to extend *Twombly* and *Iqbal* to affirmative defenses). Rather, an affirmative defense pleaded in general terms will withstand a motion to strike under Rule 12(f) "'as long as it gives plaintiff fair notice of the nature of the defense.'" *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006) (quoting 5 Arthur R. Miller et al., *Federal Practice and Procedure* § 1274 (3d ed.)); *see also Hawkins v. Ctr. for Spinal Surgery*, No. 3:12-cv-01125, 2015 WL 1096970, at *1 (M.D. Tenn. Mar. 11, 2015) ("[A]n affirmative defense will be held to be sufficient as long as it gives fair notice of the nature of the defense.").

### A.  MDHA's Second Affirmative Defense

MDHA's second affirmative defense attempts to "incorporate[ ] by referenced [*sic*] the affirmative defenses set forth in Federal Rules of Civil Procedure 8 and 12, as applicable." (Doc. No. 98, PageID# 919, ¶ 2.) Rule 8(c)(1) lists eighteen separate affirmative defenses. Fed. R. Civ. P. 8(c)(1). Rule 12(b) lists seven. Fed. R. Civ. P. 12(b)(1)–(7). Plaintiffs argue that MDHA's attempt to incorporate twenty-five defenses "in a single sentence" is "particularly deficient" in its pleading and should be stricken. (Doc. No. 106-1, PageID# 964.) MDHA has not responded to this argument, and none of the authority it cites addresses an attempt to incorporate by reference *every* affirmative defense available under the Federal Rules.

In *Glover v. Mary Jane M. Elliott, P.C.*, No. 1:07-cv-648, 2007 WL 2904050 (W.D. Mich. Oct. 2, 2007), however, the court granted a motion to strike an affirmative defense that, like MDHA's second defense, "attempts to incorporate by reference all affirmative defenses recognized in Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure." *Id.* at *5. The *Glover* court described this attempt to assert every available affirmative defense in one fell swoop as "utter nonsense[,]" finding that it "does not give[ ] plaintiff fair notice of anything. . . ." *Id.* This Court agrees. It is highly improbable that all twenty-five defenses available under the federal rules apply to the plaintiffs' state-law claims for breach of contract and related wrongs, *see id.*, and requiring

Plaintiffs to address MDHA's blanket assertion of every available affirmative defense whether applicable or not would surely impose unnecessary litigations costs, *see Operating Eng'rs Local 324 Health Care Plan*, 783 F.3d at 1050. The Court therefore finds that MDHA's second affirmative defense is properly stricken under Rule 12(f).[2]

### B. MDHA's Remaining Affirmative Defenses

Plaintiffs argue generally that MDHA's remaining affirmative defenses should be stricken because they "contain no facts whatsoever, and therefore do not meet the plausibility standards laid out in *Twombly* and *Iqbal*." (Doc. No. 106-1, PageID# 965.) The Court has already explained its view, in keeping with the majority of courts in this district and the Sixth Circuit, that affirmative defenses are not subject to *Twombly* and *Iqbal* and will instead withstand a motion to strike if they provide fair notice of the nature of the defenses. Plaintiffs have not argued that MDHA's first, third, fourth, fifth, and sixth affirmative defenses fail to meet this "fair notice" standard. Moreover, as MDHA points out, this court, in *Sony/ATV Music Publishing LLC v. D.J. Miller Music Distributors, Inc.*, No. 3:09-cv-01098, 2011 WL 4729807, at *1–6 (M.D. Tenn. Oct. 7, 2011), declined to strike affirmative defenses that are substantively identical to MDHA's first, fourth,

---

[2] The *Glover* court further found that "[t]he assertion of every conceivable affirmative defense falls far outside [the] solemn obligation" of Michigan attorneys "not to counsel or maintain 'any defense except such as [they] believe to be honestly debatable under the law of the land.'" *Glover*, 2007 WL 2904050, at *6 (citation omitted). Indeed, the court warned that, "if counsel should ever file another set of omnibus affirmative defenses in this court, he will be subject to the imposition of sanctions under Rule 11, on the court's own motion." *Id.* The Court notes that Tennessee rules governing attorney conduct similarly provide that "[a] lawyer shall not . . . defend a proceeding, or assert or controvert an issue therein, unless after reasonable inquiry the lawyer has a basis in law and fact for doing so that is not frivolous . . . ." Tenn. Sup. Ct. R. 8, RPC 3.1.

fifth, and sixth affirmative defenses, finding that they met the applicable fair notice standard.[3] Plaintiffs have not responded to that argument.

Accordingly, Plaintiffs have not shown an adequate basis for the Court to take the disfavored step of striking MDHA's remaining affirmative defenses.

## IV. Conclusion

For these reasons, Plaintiffs' motion to strike MDHA's affirmative defenses (Doc. No. 106) is GRANTED IN PART AND DENIED IN PART. The motion is GRANTED with respect to MDHA's second affirmative defense, and that defense is hereby STRICKEN WITH PREJUDICE. The motion is DENIED with respect to MDHA's first, third, fourth, fifth, and sixth affirmative defenses.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge

---

[3] The affirmative defenses found to provide fair notice in *Sony/ATV Music Publishing LLC* included the following:

> 76. Plaintiffs' claims are barred by the applicable statute of limitations.
>
> 77. Plaintiffs' claims are barred by the doctrines of latches [*sic*], estoppel, and/or waiver.
>
> \* \* \*
>
> 84. Plaintiffs' claims are barred by the doctrine of unclean hands.
>
> \* \* \*
>
> 92. Plaintiffs have failed to state claims upon which relief may be granted.
>
> \* \* \*
>
> 95. [Defendant] reserves the right to assert additional defenses at the conclusion of discovery.

2011 WL 4729807, at \*1–2 (fourth alteration in original).